PEOPLE, PLAINTIFF AND APPELLEE, *v.* DEL VALLE, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Violation of Section 328 of the Penal Code.

No. 2058.—Decided June 28, 1923.

PUBLIC HEALTH AND SAFETY—COLLISION CAUSED BY NEGLIGENCE—PLEADING—INFORMATION.—An information charging an infraction of section 328 of the Penal Code, as amended in 1916, is sufficient if it alleges that the collision was the result of the defendant's carelessness. The said section provides that the offense may be committed by gross negligence or by carelessness, and a charge of either of these is sufficient.

APPEAL—EVIDENCE—TRANSCRIPT OF RECORD.—When the evidence is not included in the record the Supreme Court is not in a position to consider errors assigned to the lower court in summing up the evidence.

The facts are stated in the opinion.

*Messrs. Rincón & Vizcarrondo* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Andrés del Valle was charged with the commission of the following act as constituting the offense defined and penalized by section 328 of the Penal Code:

"The said Andrés del Valle, on April 16, 1922, in the municipality of Fajardo which forms a part of the judicial district of Humacao, P. R., while driving automobile No. 1808 unlawfully did so with such unskilfulness, negligence and carelessness as to cause it to collide with a horse ridden by Ricardo Figueroa and Dolores Sabat whereby Figueroa suffered a dislocation of the left shoulder, a fracture of the nasal bones, a compound comminuted fracture of the lower part of the left leg, a fracture of the left fibula and bruises on the left eye, head and breast, and Dolores Sabat suffered contusions on the left shoulder.".

A jury found the defendant guilty and the court sentenced him to imprisonment for ten months. He appealed and alleges that the information does not charge the offense of which he was convicted and that the court instructed the jury erroneously.

In arguing the first assignment of error the appellant contends that the information is fatally defective because it does not allege that the act was committed through gross negligence.

Section 328 of the Penal Code, as amended by Act No. 51 of 1916, provides as follows: "Every conductor, * * * of any * * * automobile, * * * who, through gross negligence *or carelessness,* suffers or causes the same to collide * * *." And, as we have seen, the information alleges that the defendant was driving the automobile "with such unskilfulness, negligence and *carelessness* as to cause it to collide * * *." (Italics volunteered.)

Undoubtedly, in drafting the information the district at-

torney did not have before him the amendment of 1916. The phraseology employed by him was that of the old statute, but notwithstanding this, it being alleged in the information that the collision was due to the *carelessness* of the driver, it is sufficient, because the amended statute defines two ways of committing the offense, one through *gross negligence* and the other through *carelessness,* and either charge is sufficient.

With regard to the second assignment of error the appellant says:

"On page 16 of the record it appears that when the judge summarized the defendant's evidence to the jury, in referring to witness Félix Orta he said to them that this witness had testified first that he was sitting on the front seat of the automobile and afterwards testified that he was sitting on one of the back seats, meaning to say to the jury that the witness had contradicted himself, and we are of the opinion that such action on the part of the court in instructing the jury not only induced them to entertain a moral certainty of the untruthfulness of the witness's testimony, but also created prejudice in their minds against all the rest of the evidence."

The evidence examined is not included in the record, hence this court has no basis for passing upon the assignment of error. If the witness testified as indicated by the judge no error was committed. The defendant could not complain because the judge stated the truth. The language used by him can not be said to be calculated to prejudice the defendant. The instructions are transcribed in full and they show that the judge summed up all of the evidence for the prosecution and all of that for the defense.

The judgment appealed from must be

*Affirmed.*

Justices Aldrey, Hutchison and Franco Soto concurred.
Mr. Justice Wolf took no part in the decision of this case.